TEDFORD v. LICHTENSTEIN.

(Supreme Court, Appellate Division, First Department. April 23, 1909.)

JUDGMENT (§ 145*)—DEFAULT—GROUNDS FOR OPENING.

A default should not be opened to permit defendant, sued on his guaranty of performance of a contract to place advertisements, to show that the contract was illegal, because the matter to be advertised consisted of tips on races, where it appeared that he was particeps criminis.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 295; Dec. Dig. § 145.*]

Appeal from Special Term, New York County.

Action by James A. Tedford against Solomon Lichtenstein. From an order granting a motion to open default, plaintiff appeals. Reversed.

See, also, 113 N. Y. Supp. 358.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Edwin J. Johnson, for appellant.
Daniel P. Hays, for respondent.

SCOTT, J. This is an appeal from an order granting a fourth application to open a default. The action was begun in 1906. The complaint alleges that plaintiff's assignor made a contract with the Maxim & Gay Company to place certain advertisements, and that defendant guarantees in writing the performance of said contract by said Maxim & Gay Company. It then sets forth the placing of contracts, the amount due, the amount remaining unpaid, and an agreed statement of the balance due. The defendant's answer denies categorically every allegation of the complaint, including the allegation that he executed a guaranty. On March 16, 1908, the case appeared on the calendar. Defendant did not appear, and an inquest was taken. A motion was made before Mr. Justice Hendrick to open the default on an affidavit of merits and an affidavit by defendant's attorney, Nathaniel Cohen, that he had been ill on the day the case was called, and that his young clerk had failed to state this fact to the justice. The motion was denied, because the defendant failed to show that he had any defense; but leave was given to renew. A second motion was made, before the same justice upon practically the same papers, with a vague and indefinite affidavit by defendant as to what he intended

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexer

and expected to show, to wit, that he was not indebted to plaintiff, and that plaintiff had been paid all that was due from Maxim & Gay Company. The motion was again denied, with leave to renew. A third application was made before Mr. Justice Dowling upon an affidavit of Cohen; his client being absent. In this affidavit, stated to be made as the result of defendant's statements, the making of the guarantee is admitted; but it is said that defendant will show that all moneys due from the Maxim & Gay Company were paid either to plaintiff's assignor, or by direction of the latter to one Graham Rice, who, as it appears, was the president of Maxim & Gay Company. This motion was again denied; the justice refusing to incorporate in the order a clause giving leave to renew. Having thus failed three times, the defendant changed his attorneys and his line of defense, relying now upon defenses not at all foreshadowed in his answer, and again moves before yet another justice.

In the first place, although he had made several affidavits referring to Cohen as his counsel, he now says that he thought Howe & Hummel were his attorneys. He now admits squarely that he did sign a guaranty, but alleges that when he signed it the Maxim & Gay Company were indebted to plaintiff's assignors in a large sum, and that it was especially stipulated that his guaranty should apply only to business done thereafter, whereas in fact he is sought to be held for moneys previously due. He states no fact upon which he bases this allegation, and he is met by proof that, on the contrary, Maxim & Gay Company had a credit when the guaranty was signed. He also says that the contract between plaintiff's assignor and Maxim & Gay Company was illegal, because the matter to be advertised consisted of tips on the races. It appears that defendant, who is a bookmaker, was the agent in New Orleans of the Maxim & Gay Company. While this might be a defense, we do not think that the court should extend to defendant, as a favor, the opportunity to assert it, as by his own statement he was particeps criminis. It appears that the defendant is execution proof.

Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.